# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TAHEE ABD RASHEED,

                Petitioner,

   v.

MATTHEW CATE,

             Respondent.

_____/

1:09-cv-00416-OWW-SMS (HC)

FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 1]

     Petitioner is proceeding pro se with a writ pursuant to 28 U.S.C. § 1651(a).

     The All Writs Act provides that "all courts . . . may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  It is not itself a source of jurisdiction.  <u>Lights of America, Inc. v. United States District Court</u>, 130 F.3d 1369, 1370 (9th Cir. 1997).

     Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences.  <u>See</u> <u>United States v. Monreal</u>, 301 F.3d 1127, 1131, 1132 (9th Cir. 2002); <u>Telink, Inc. v. United States</u>, 24 F.3d 42, 45 (9th Cir.1994).  "The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)."  <u>Matus-Leva v. United States</u>, 287 F.3d 758, 760 (9th Cir.2002) (citing <u>United States v. Morgan</u>, 346 U.S. 502, 506-07, 74 S.Ct. 247 (1954)).  To warrant coram nobis relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the

1

conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error

is of a fundamental character.  See Monreal, 301 F.3d at 1132, Matus-Leva, 287 F.3d at 760.

Although this Court has the inherent power to issue the writ, such a remedy is only

available to challenge *federal* convictions.  Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir.

2002 1985).  As the Ninth Circuit explained:

> The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases.  A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255.  But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

Yasui, 772 F.2d at 1498.  "It is well settled that the writ of error coram nobis is not available in

federal court to attack criminal judgments.  A writ of error coram nobis can only issue to aid the

jurisdiction of the court in which the conviction was had."  Sinclair v. Louisana, 679 F.2d 513,

514 (5th Cir. 1982) (per curiam); see Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003).

Accordingly, because Petitioner is in custody pursuant to a *state* court conviction, he may

not proceed pursuant to the writ of error coram nobis, and because Petitioner has not provided

this Court with any factual allegations that would otherwise support the exercise of federal

habeas jurisdiction, the instant petition must be dismissed.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The instant writ filed under 28 U.S.C. § 1651(a) be DISMISSED; and,

2.      This action be terminated in its entirety.

This Findings and Recommendation is submitted to the assigned United States District

Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    March 12, 2009**                              **/s/ Sandra M. Snyder**
                                                                           UNITED STATES MAGISTRATE JUDGE